UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VICKIE F. NELSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　Defendant. | Case No.: C 07-1810 PVT<br><br>**ORDER D**ENYING **P**LAINTIFF'S **M**OTION FOR **S**UMMARY **J**UDGMENT AND **G**RANTING **D**EFENDANT'S **M**OTION FOR **S**UMMARY **J**UDGMENT |

Currently pending before the court are the parties' cross-motions for summary judgment.[1] In this action Plaintiff claims that the Administrative Law Judge who conducted the hearing on her claim for Supplemental Security Income failed to articulate specific, convincing reasons for rejecting her claims regarding pain and medication side effects. She further claims the ALJ was unfairly biased against her and that she did not receive a fair hearing. Having reviewed the administrative record, the court finds that Plaintiff has not carried her burden with regard to either contention.

**I.     BACKGROUND**

Plaintiff filed concurrent applications for Social Security Disability Insurance Benefits

---

[1] The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

ORDER, *page 1*

1  ("DIB") and Supplemental Security Income ("SSI") benefits on May 13, 2004, alleging that she
2  became "disabled" on October 1, 1998.  Following denial of this claim initially, and upon
3  reconsideration, Plaintiff requested a hearing, which took place on March 14, 2006 before Frederick
4  C. Michaud, Administrative Law Judge ("ALJ").  A supplemental hearing took place on June 13,
5  2006.[2]  During that hearing, Plaintiff waived her claim for DIB because she is only insured for Title
6  II purposes through March 31, 2001.  On June 22, 2006, the ALJ rendered an unfavorable decision,
7  finding Plaintiff was not under a "disability" as defined in the Social Security Act at any time
8  through the date of his decision.  The present action ensued.

## II.   LEGAL STANDARDS

To qualify for DIB and/or SSI benefits,[3] a claimant must show that a medically determinable physical or mental impairment prevents her from engaging in substantial gainful activity and that the impairment is expected to last for a continuous period of at least twelve months (or result in death). See 42 U.S.C. § 423(d)(1) (A).

A five-step sequential process is used to determine whether a claimant is "disabled." See 20 C.F.R. § 404.1520.  The first step is to consider whether the claimant is engaged in substantial gainful activity.  If so, the claimant is not disabled.  If not, the Commissioner proceeds to step two. The second step is to assess whether the claimant suffers from a "severe" impairment.  If not, the claimant is not disabled.  If so, the Commissioner proceeds to step three.  The third step is to examine whether the claimant's impairment or combination of impairments meets or equals an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1.  If so, the claimant is automatically deemed disabled.  If not, the Commissioner proceeds to step four.  The fourth step is to determine whether the claimant is capable of performing her past relevant work.  If so, she is not disabled.  If not, the

---

[2]   Plaintiff's Memorandum in Support of Plaintiff's Motion for Summary Judgment includes an extensive summary of the evidence and testimony presented during the administrative proceedings, and the court finds it unnecessary to repeat that summary here.

[3]   The standards for determining disability are the same under both programs. *See Greenspan v. Shalala*, 38 F.3d 232, 236 (1994) ("The law and regulations governing the determination of disability are the same for both disability insurance benefits and SSI").

Commissioner proceeds to step five.  Finally, the firth step is to determine whether the claimant has the residual functional capacity to perform any other substantial gainful activity in the national economy.  If not, the claimant is disabled.  The burden lies with the claimant to establish steps one through four.  *See Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir.1999).  In step five, the burden shifts to the Commissioner.  *Id*.

In reviewing a denial of Social Security disability benefits, courts will set aside an ALJ's decision only if that decision is based on legal error or the findings of fact are not supported by substantial evidence in the record taken as a whole.  *See Tacket v. Apfel*, 180 F.3d 1094, 1097-98 (9th Cir.1999).  Substantial evidence is "more than a mere scintilla" but "less than a preponderance"; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *See Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971) (citation omitted); *see also Desrosiers v. Secretary of Health & Human Serv.*, 846 F.2d 573, 576 (9th Cir.1988).  While courts must look at the record as a whole, considering both evidence that supports and that undermines the ALJ's findings, it is the ALJ's function to resolve conflicts in the evidence. *See Matney on Behalf of Matney v. Sullivan*, 981 F.2d 1016 (9th Cir.1992).

When a claimant demonstrates the existence of a condition that would cause some degree of pain or dysfunction, the ALJ must articulate specific, convincing reasons for rejecting the claimant's subjective testimony regarding his pain and limitations.  *See, Fair v. Bowen*, 885 F.2d 597, 601-04 (9th Cir.1989); *see also, e .g., Tonapetyan v. Halter*, 242 F.3d 1144,1147-48 (9th Cir. 2001).  An ALJ may not reject a claimant's statements regarding her limitations merely because they are not fully corroborated by objective evidence.  *See Bunnell v. Sullivan*, 947 F.2d 341, 343-45 (9th Cir.1991). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *See Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995); *see also, Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir.1993).

The side effects of necessary medications are recognized as nonexertional limitations.  *See, e.g., Allgrove v. Astrue*, 2009 WL 1814435, *6 (N.D.Cal. 2009), citing *Tackett v. Apfel*, 180 F.3d 1094, 1102 (9th Cir.1999) (examples of non-exertional limitations are pain, postural limitations, or environmental limitations).  "'Like pain, the side effects of medications can have a significant impact

on an individual's ability to work and should figure in the disability determination process.'" *See, Allgrove*, 2009 WL 1814435 at *5, quoting *Varney v. Secretary of Health and Human Services*, 846 F.2d 581, 585-86 (9th Cir. 1988). If an ALJ chooses to disregard a claimant's testimony as to the subjective limitations of side effects, he must support that decision with specific findings similar to those required for excess pain testimony. *Ibid.*

### III. DISCUSSION

#### A. THE ALJ ARTICULATED SPECIFIC, CONVINCING REASONS FOR REJECTING PLAINTIFF'S TESTIMONY REGARDING HER PAIN AND ANY LIMITATIONS CAUSED BY MEDICATION SIDE EFFECTS

Plaintiff argues that the ALJ failed to properly consider the disabling side effects of Plaintiff's medications. The court disagrees.

The ALJ cites four reasons for rejecting Plaintiff's claims of disabling pain and that she must take so many prescription medications that she becomes drowsy and must nap up to 8 hours a day:

1) a specific incident in which Plaintiff was treated after moving a dresser on stairs (an activity the ALJ noted was "dubious . . . at best for an individual alleging that she could barely sustain any significant sitting or walking without pain") (Tr. 19);

2) the lack of objective medical signs and laboratory findings sufficient to support her subjective complaints (Tr. 19);

3) the fact the record sometimes notes that the claimant was not taking the medications she claims she was taking (Tr. 19); and

4) the fact she had been convicted and imprisoned for a "crime of dishonesty" – embezzlement by computer hacking (Tr. 19-20).

The foregoing are sufficient "specific, convincing reasons" for rejecting Plaintiff testimony and contentions regarding her pain and the subjective limitations of medication side effects. *See, Fair v. Bowen*, 885 F.2d at 601-04.

#### B. PLAINTIFF HAS NOT ESTABLISHED THAT THE ALJ WAS BIASED OR TREATED HER UNFAIRLY

Plaintiff contends the ALJ was so biased that she did not receive a fair hearing before an impartial adjudicator. However, Plaintiff has not carried her burden of rebutting the presumption that the ALJ was unbiased. *See, e.g., Verduzco v. Apfel*, 188 F.3d 1087, 1089 (9th Cir. 1999) ("ALJs

1 and other similar quasi-judicial administrative officers are presumed to be unbiased. This
2 presumption can be rebutted by a showing of conflict of interest or some other specific reason for
3 disqualification." (citation and internal quotation marks omitted)).

4 While the ALJs remarks show some impatience or even hostility towards counsel, such
5 impatience or hostility does not amount to bias. *See Liteky v. United States*, 510 U.S. 540, 555-56
6 (1994) ("judicial remarks during the course of a trial that are critical or disapproving of, or even
7 hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality
8 challenge").

9 As to the ALJ's reference to Plaintiff as a "former addict," taken in context[4] it implies that
10 the ALJ believed Plaintiff may have been abusing prescription drugs at the time she experienced
11 allegedly disabling medication side effects. As the ALJ noted at the outset of his opinion, where
12 drug abuse is a contributing factor material to the determination of disability, a finding of "not
13 disabled" is warranted. On the record before the ALJ, a finding of "not disabled" due to the
14 contributing factor of drug abuse may have been warranted. While the ALJ did not base his decision
15 on any such finding of drug abuse, his use of the term "former addict" to imply that may have been
16 the case does not evidence bias on his part. It reveals only that he seriously considered the distinct
17 possibility that drug abuse was a significant contributing factor in Plaintiff's claimed disability.

18 In sum, Plaintiff has not shown that the ALJ displayed "a deep-seated favoritism or
19 antagonism that would make fair judgment impossible," and thus has not rebutted the presumption
20 of impartiality. *See Liteky v. United States*, 510 U.S. at 541; *see also, Rollins v. Massanari*
21 261 F.3d 853, 858 (9th Cir. 2001).

22

23 **IV.   CONCLUSION**

24 Plaintiff has not shown that the ALJ failed to articulate specific, convincing reasons for
25 rejecting her claims regarding pain and medication side effects. Nor has she shown the ALJ was

26 ───────────────────────────

27 [4] The full quote from the ALJ's opinion is: "Without objective medical signs and laboratory findings sufficient to support her subjective complaints, the undersigned finds unconvincing counsel's allegation that the claimant needs to take so many prescription medications (which the record
28 sometimes notes that the former addict is not actually even taking), that she becomes drowsy to the extent that she must nap up to 8 hours a day precluding work." (Tr. 19.)

1  unfairly biased against her or that she did not receive a fair hearing.  Therefore, the decision of the
2  ALJ is affirmed and the Defendant's cross-motion for summary judgement is GRANTED.
3  Plaintiff's motion for summary judgement is DENIED.
4  Dated: *11/30/10*

*Patricia V. Trumbull*
PATRICIA V. TRUMBULL
United States Magistrate Judge